## FRED W. REED AND OTHERS v. R. M. CHAPMAN-BASTING COMPANY.[1]

### July 13, 1917.

### Nos. 20,371—(176).

**Contract — action for loss of profits will not lie.**

> Twin City Motor Service Company had a contract with defendant to do its delivery work in consideration of certain payments to be made. The Motor Service Company entered into a contract with plaintiffs by which they agreed to perform the contract with defendant for and on behalf of the Motor Service Company, and were to be paid by such company the entire compensation received by it from defendant, less sums which should be due from plaintiffs to such company for trucks purchased from it. It is *held*:

> The contract between plaintiffs and the Motor Service Company was not an assignment to the former of the contract between the Motor Service Company and defendant, and plaintiffs cannot maintain this action to recover loss of profits caused by defendant's refusal to permit them to perform the contract.

Action in the district court for Hennepin county to recover $4,650 for breach of contract. The answer, among other matters, denied that defendant ever had any contract relations with plaintiffs or either of them and denied that the contract between defendant and the Motor Service Company was ever assigned to plaintiffs or that defendant ever consented to its assignment to plaintiff. The case was tried before Steele, J., who granted defendant's motion for a directed verdict in its favor.

[1] Reported in 163 N. W. 794.

From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*George S. Grimes* and *Gordon Grimes,* for appellants.

*Keith, Kingman, Cross & Wallace,* for respondent.

BUNN, J.

In September, 1912, defendant entered into a written contract with F. L. Gross, A. G. Showers and W. A. Alden. This contract recited that the individuals named were now organizing a corporation under the name of Twin City Motor Service Company, for the purpose of engaging in the business of furnishing delivery service for stores in Minneapolis and St. Paul, that defendant corporation owned and operated a large retail store in Minneapolis, and in connection therewith an extensive delivery system. For certain considerations specified, Gross, Showers and Alden agreed to do defendant's delivery work. They were to furnish for the service certain trucks and competent drivers at prices specified. They were to organize forthwith "a responsible corporation," to which the contract should be transferred, the contract reciting that it was "the intention of the parties hereto that this contract shall be performed by said corporation."

The corporation, Twin City Motor Service Company, was formed immediately and commenced to perform the contract. In June, 1913, it entered into a written contract with Joseph Wilds, Clarence Bunce and Fred W. Reed, by the terms of which the individuals named assumed and agreed to perform the contract of the Motor Service Company with defendant "for and on behalf of said first party" (the Motor Service Company) ; as consideration they were to be paid the entire compensation which the Motor Service Company should receive from defendant, less such sums as should be due from time to time on the purchase price of the motor trucks, which were sold by the Motor Service Company to Wild, Bunce and Reed. These men, on June 16, 1914, commenced to drive the trucks in making deliveries for defendant and continued to do so until July 1, except that during this time plaintiff Myler bought out Bunce, whose services were not satisfactory to defendant, or to his two associates or to the Motor Service Company. Myler's truck broke down twice before July 1, and a day or more was lost in time. Defendant refused to

allow plaintiffs to do their delivery work after July 1. This action was brought to recover damages for breach of the original contract between defendant and the promoters of the Motor Service Company, the theory being that this contract was assigned to plaintiffs by that company, and that defendant's consent to such assignment was unnecessary, or, if necessary, that it had been obtained. On the trial, at the close of plaintiffs' case, the court directed a verdict for defendant. Thereafter a motion for a new trial was denied and plaintiffs appealed.

The decision of the trial court is sustained on the ground that the contract between the Motor Service Company and Wilds, Bunce and Reed was not an assignment by the former of its contract to do defendant's delivery work.

The pertinent language of the contract claimed to be an assignment of the delivery contract, and to authorize plaintiffs to maintain an action for the breach thereof, is this: "Said second parties (Wilds, Bunce and Reed), hereby assume and agree to perform, for and on behalf of said first party (the Motor Service Company), that certain contract now in force by and between said first party and the Chapman-Basting Company * * * for the furnishing of certain delivery service for said Chapman-Basting Company, and the whole of said contract, in a good and workmanlike manner, and in a manner which shall be satisfactory to the first party hereto and to said Chapman-Basting Company. That for and in consideration of the full, complete and satisfactory performance of said * * * contract, the first party shall pay the second parties the entire compensation received by them thereunder, less such sums as shall be due said first party from said second parties from time to time upon the purchase price, interest and insurance upon certain trucks purchased by said second parties from said first party." It was further provided that the Motor Service Company might cancel the contract upon the failure of the second parties or any of them to comply with its terms.

The Motor Service Company was in no particular relieved by this contract of its obligations to perform the delivery contract. The compensation provided for was not to come from defendant, but from the Motor Service Company. No such word as "transfer" or "assign" is used. It was not the idea that plaintiffs should look to defendant for their pay, or that defendant should look to them for a performance of the delivery

contract. Defendant's relations were wholly with the Motor Service Company under the original contract, which was still in force unchanged between them. Plaintiffs place some reliance upon the fact that the contract between them and the Motor Service Company was headed "Assignment of Contract." We do not think this is enough to indicate that the intention of the parties was contrary to that expressed in the body of the writing.

It is perhaps not important what the contract of the Motor Service Company with plaintiffs is called, but it is more like a subcontract than anything else. It is elementary that a subcontract is not an assignment and creates no legal relations between the original obligor and the subcontractor. 5 C. J. 841. It has been held in some cases, cited in a note to the above proposition, that where a contractor for work subcontracts with another to do the same work at the same price he is to receive and agrees to pay the second contractor in the same instalments as are stipulated in the original contract, the agreement constitutes an assignment, to the person who performs the work, of the moneys to accrue under the original contract, and the transaction is an equitable assignment of a chose in action. We do not understand that this doctrine would permit the assignee to sue the debtor except for moneys earned and due under the contract. It is not really an assignment of the contract, but an equitable assignment of the money to be earned under it. In the case at bar the action is not to recover money earned, but profits that might accrue had defendant permitted plaintiffs to continue. In addition to this, plaintiffs were to receive from the Motor Service Company the sums it received from defendant, but not as they were received, and less money due from plaintiffs to the Motor Service Company for the trucks purchased.

Plaintiffs argue that they are without a remedy if they cannot maintain this action. We do not know that this is true, but in any event it seems no legal reason for imposing liability upon the defendant. The trouble is that plaintiffs had no contract with defendant, and hence have no right to maintain this action for any breach by defendant of its contract with the Motor Service Company.

It is unnecessary to decide whether the original contract was assignable, or to discuss any of the other questions argued. We hold that the contract was never assigned to plaintiffs, and that on that ground the verdict was rightly directed for defendant. Order affirmed.